# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NATARA WESTERFIELD, ET AL** § | | **CIVIL ACTION NO.:** |
| Plaintiff § | | |
| VS. § | | **JUDGE:** |
| § | | |
| **AUDUBON FERTILITY, LLC** § | | **MAGISTRATE JUDGE:** |
| Defendant § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, Defendant Audubon Fertility, LLC ("Audubon" or "Defendant"), by and through counsel, hereby removes Case No. 2023-01800, *Natara Westerfield, Tracey Jones, Sheitan Steele, Shakera Stockman, and Jelisa Fairley v. Audubon Fertility, LLC*, an action filed in Civil District Court for the Parish of Orleans, State of Louisiana (the "State Court Action"), to the United States District Court for the Eastern District of Louisiana. Reserving all rights, objections, and defenses, Audubon represents as follows in support of this Notice of Removal:

### Procedural Background

1. On or around March 7, 2023, Plaintiffs Natara Westerfield, Tracey Jones, Sheitan Steele, Shakera Stockman, and Jelisa Fairley (collectively, "Plaintiffs") filed their Petition for Damages in the State Court Action (the "Original Petition").

2. In the Original Petition, each of the Plaintiffs brought claims for race discrimination under La. R.S. § 23:332 and for retaliation under La. R.S. § 23:967. Ms. Westerfield brought an additional claim for invasion of privacy under Louisiana law. Ms. Jones brought additional claims for invasion of privacy and intentional infliction of emotional distress under state law.

1

#101871422v1

3. After answering the Original Petition, Audubon moved for partial summary judgment on Plaintiffs' state law discrimination and retaliation claims, arguing that there was no genuine issue of material fact that Audubon did not employ the requisite number of employees to be subject to Louisiana's employment discrimination and retaliation statutes. That motion remains pending in the State Court Action.

4. On or around June 7, 2023, Ms. Westerfield filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Ms. Westerfield notice of her right to sue on September 12, 2023.

5. On or around July 21, 2023, Ms. Jones filed a Charge of Discrimination with the EEOC. The EEOC issued Ms. Jones notice of her right to sue on September 12, 2023.

6. On or around August 21, 2023, Ms. Stockman filed a Charge of Discrimination with the EEOC. The EEOC issued Ms. Stockman notice of her right to sue on October 13, 2023.

7. On December 7, 2023, Plaintiffs filed a Supplemental and Amended Petition for Damages in the State Court Action (the "Amended Petition").

8. In the Amended Petition, each of the Plaintiffs brought claims for race discrimination and a racially hostile work environment under La. R.S. § 23:332. Each of the Plaintiffs brought claims for retaliation under La. R.S. § 23:967. Ms. Westerfield brought a claim for Invasion of Privacy under Louisiana law. Ms. Jones brought a claim for Intentional Infliction of Emotional Distress under Louisiana law.

9. For the first time in the Amended Petition, Ms. Westerfield, Ms. Jones, and Ms. Stockman asserted claims for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). This Notice of Removal follows the assertion of those claims.

10. The United States District Court for the Eastern District of Louisiana is the proper district for removal from Civil District Court for the Parish of Orleans. 28 U.S.C. § 1441(a) and 1446(a).

11. Attached hereto as **Exhibit A** is a copy of all pleadings, records, and proceedings filed in the docket in the State Court Action prior to this Notice of Removal.

## Federal Question Jurisdiction

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiffs' right to relief is contingent upon resolution of a substantial question of federal law.

13. In accordance with 28 U.S.C. § 1331, "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

14. In the Amended Petition, Ms. Westerfield, Ms. Jones, and Ms. Stockman allege violations of Title VII.

15. The Court may exercise supplemental jurisdiction over Ms. Steele and Ms. Fairley's state law discrimination and retaliation claims, as the "form part of the same case or controversy," namely, Plaintiffs' allegation (which Audubon vehemently denies) that a pattern or practice of discrimination against African-American employees existed at Audubon's clinic. *See* 28 U.S.C. § 1367. Many of the allegations in the Amended Petition are generalized assertions regarding the alleged treatment of African-American employees, rather than specific allegations of different behavior toward different Plaintiffs.

16. The Court may exercise supplemental jurisdiction over Ms. Westerfield and Ms. Jones' state-law tort claims. Like their federal employment discrimination claims, each of these claims arises out of their employment with Audubon and forms part of Plaintiffs' allegations of a pattern and practice of disparate treatment.

17. The state law claims asserted by Plaintiffs do not raise any novel or complex issues of state law. On the contrary, Louisiana's state courts look to federal jurisprudence to evaluate and analyze Louisiana's own employment discrimination and retaliation statutes. *See Piazza v. Manuel*, 899 So.2d 121, 123 (La. App. 3 Cir. 2005) (citing *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181 (La. 1999)).

18. Plaintiffs' state law claims do not substantially predominate over their federal law claims. Rather, three of the five Plaintiffs assert claims under federal law, and Plaintiffs' claims of employment harassment and discrimination are the crux of both the Original and Amended Petitions.

19. The Court has not dismissed any federal claims, and there are no exceptional circumstances or compelling reasons for declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. Instead, severing and remanding Plaintiffs' state law claims, particularly state law claims for employment discrimination, could result in inconsistent rulings between this Court and the State Court regarding whether Audubon is subject to Louisiana's employment discrimination statute.

## **Timeliness of Removal**

20. This Notice of Removal is timely filed.

21. Although Plaintiffs filed their Original Petition in March, they had not yet asserted federal claims. Plaintiffs asserted federal claims for the first time with the filing of the Amended Petition on December 7, 2023.

22. Audubon files this Notice of Removal within 30 days of receiving service of the Amended Petition. *See* 28 U.S.C. § 1446(b)(3).

23. For the foregoing reasons, this Court has jurisdiction over this lawsuit.

WHEREFORE, Defendant prays for removal of the above entitled and numbered case from the Civil District Court for the Parish of Orleans to this Honorable Court.

Dated: December 15, 2023          Respectfully submitted,

*/s/ Jennifer F. Kogos*
JENNIFER F. KOGOS (#25668)
JACOB J. PRITT (#38872)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170
Direct Telephone:  (504) 582-8154
                        (504) 582-8643
Direct Facsimile:  (504) 589-8154
                        (504) 589-8643
Direct Email:
jkogos@joneswalker.com
jpritt@joneswalker.com

***Attorneys for Defendant Audubon Fertility, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Plaintiffs, through their counsel of record by email on this 15th day of December, 2023, as follows:

Douglas R. Kraus
Susannah C. McKinney
Brener & Kraus, LLC
1627 St. Charles Avenue
New Orleans, Louisiana 70130
dkraus@brenerlawfirm.com
smckinney@brenerlawfirm.com

*/s/ Jennifer F. Kogos*
JENNIFER F. KOGOS (#25668)

5